5 301
133m534

STATE OF MISSOURI, EX REL. WILLIAM ZEPPENFELD, Petitioner, *v.* JOHN WICKHAM, JUDGE, ETC., Respondent.

February 19, 1878.

Under the tenth rule of practice of the St. Louis Circuit Court, the adverse party is required, within three days after the bill of exceptions is handed to him, to present his objections thereto, with the alterations demanded. Where this is not done, the judge may, for good cause shown, extend the time within which such objections are to be presented; and he is not bound to sign, as a bill of exceptions, a paper which is unfair, untrue, or insensible. It is the duty of the trial judge to see, not only that the bill of exceptions is true, but that it is intelligible; and this without reference to the adverse party's waiver of his objections to the bill of exceptions as offered.

APPLICATION for *mandamus*.

*Writ refused.*

WILLIAM ZEPPENFELD, *pro se.*

JECKO & HOSPES, for respondent.

LEWIS, P. J., delivered the opinion of the court.

The petitioner seeks a *mandamus* to compel the respondent, as judge of the St. Louis Circuit Court, to sign a bill of exceptions tendered by the relator, in the case of *Strohmaier* v. *Zeppenfeld*, or else to permit the same to be filed, as provided by law, with the signatures of three by-standers. At the hearing, upon the return to the alternative writ, the relator rests his case upon a single proposition, which may be thus stated: That, under the tenth rule of practice adopted by the Circuit Court, the adverse party having failed to present, within three days after the relator's bill of exceptions was handed to him, his objections thereto, with the alterations and additions demanded, his objections, if any, were waived, and the judge was bound by law to sign the bill of exceptions as tendered by the relator.

The relator seems to have fallen into the mistake of supposing that but two parties are to be consulted in the framing of a bill of exceptions; that if the parties to the cause agree, or if one party waives objections to a bill prepared

by the other, nothing remains for the judge but to sign and file it, whatever may be its defects. It is useless to dwell on such an absurdity. If both parties agree upon a bill of exceptions, and the judge nevertheless finds it untrue, inconsistent, and unfair to the court itself, he would be unfit to hold his judicial position a moment if he signed such a paper. It is his duty always to see that bills of exceptions not only contain true statements of the testimony and rulings which they purport to preserve, but also that they present these matters in an intelligible form, so that the appellate court may perceive the points in controversy. For this purpose he may avail himself of suggestions from either party; and any rule of court, or interpretation of a rule, which would deny him this privilege would be, to that extent, void. The rule relied on by the relator was intended to facilitate, not to cut off, the discharge of these duties. In this application, it has been sustained by this court, and by the Supreme Court of the State. *The State ex rel.* v. *Smith*, 44 App. 112; *The State ex rel.* v. *Boyle*, 3 Mo. App. 604; *The State ex rel.* v. *Wickham*, 3 Mo. App. 604. But to say that a rule may be valid and effectual to compel promptness on the part of suitors in preparing bills of exceptions, or in presenting objections to them, is a very different thing from so construing such a rule as to deprive the court of its inherent and inalienable powers. A rule of court which confers any special right upon a party cannot be violated by the court itself, so long as it remains unrescinded. But the rule under consideration confers no new right upon any one, — certainly not the right which the relator asserts, of having his bill of exceptions signed, no matter what it contained or omitted. The court, in this case, exercised its undoubted right to extend the time, upon good cause shown, for filing objections. Within the time, as extended, the plaintiff in the cause presented his objections in due form. The parties not agreeing about the proposed alterations, the judge settled

their differences by signing and filing such a bill of exceptions as he was able to approve. Such is the effect of the testimony introduced at the hearing, and of the presumptions necessarily arising upon the record.

We have examined the so-called bill of exceptions which the relator tendered for the respondent's signature. It abounds in frivolous and meaningless objections, so framed that, even if meritorious, they could not be noticed by an appellate court. Otherwise, it is an unintelligible jumble of words, which the respondent could not reasonably be expected to understand. We can imagine no state of facts in which it would be proper for a judge to sign, as a bill of exceptions, such a paper as this.

On the other hand, the bill of exceptions which the respondent signed presents numerous points saved by the relator at the trial, in a shape available for review on appeal or writ of error. Whether true and complete, or otherwise, it certainly exhibits, in an intelligible form, the testimony and the rulings of the Circuit Court, and is, therefore, far more favorable to the relator's claims before an appellate tribunal than the paper prepared by himself, which does nothing of the sort. Nothing is shown to us concerning the alleged signing of a bill of exceptions by by-standers. The peremptory writ is refused. All the judges concur.